Filed 4/27/22  Garcia v. Daily CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| HELEN GARCIA,<br><br>      Plaintiff and Respondent,<br><br>          v.<br><br>LEANNE H. DAILY et al.,<br><br>      Defendant and Appellant. | G060969<br><br>(Super. Ct. No. 20CV365883)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Santa Clara County, Sunil R. Kulkarni, Judge.  Affirmed.

Murphy, Pearson, Bradley & Feeney, Janet L. Everson and Suzie M. Tagliere for Defendants and Appellants.

Hovore Law and F. Thomas Hovore for Plaintiff and Respondent.

\*          \*          \*

LeeAnne H. Daily and the Daily and Daily Law Firm appeal from an order denying their special motion to strike Helen Garcia's complaint pursuant to Code of Civil Procedure section 425.16 (the anti-SLAPP statute).  Appellants contend the trial court erred in determining that the anti-SLAPP statue did not apply to Garcia's claims for legal malpractice and breach of fiduciary duty.  The trial court correctly determined the anti-SLAPP statute did not apply to the claims; we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

A.  *Complaint*

On March 30, 2020, Garcia filed a complaint against appellants, alleging claims for professional negligence and breach of fiduciary duty.  The complaint alleged that in 2015, Garcia filed for divorce from her now ex-husband Anthony Roy Loaiza.  By court order, Loaiza was allowed to remain in the community residence, but was solely responsible for all payments to maintain the residence.  Defendants LeeAnne H. Daily, a certified family law specialist, and her firm, the Daily and Daily Law Firm, represented Loaiza in the matter.

Following settlement discussions in December 2016, the parties entered into a written Stipulation and Order, which was signed by Garcia, Loaiza, Daily, and the settlement officer.  The complaint alleged that "the parties and signatories agreed to be bound" by the terms of the Stipulation and Order, which included that the community residence would be sold and the sale proceeds deposited into the trust account of LeeAnne H. Daily and "shall be held in that account until the written agreement of the parties or further order of the Court."

The complaint alleged the community residence was sold on February 7, 2018, but defendants improperly permitted Loaiza to allocate noncommunity debts to reduce the sale proceeds.  Furthermore, contrary to the written Stipulation and Order, the sales proceeds were not deposited into Daily's trust account but entrusted to Loaiza.  The

2

complaint further alleged that on June 18, 2019, Loaiza informed the court he had spent the entire proceeds from the sale and could not pay Garcia her share of the sale proceeds.

The first cause of action for professional negligence alleged that "[p]ursuant to the terms of the Stipulation and Order, executed by Defendants, the Defendants had a duty to provide Plaintiff with the competence, care and skilled required and reasonably expected of a certified specialist in family law. In particular, by signing the Stipulation and Order in December 2016, the Defendants undertook [] a duty to safeguard the funds from the community residence in their trust account." The second cause of action for breach of fiduciary duty alleged that by virtue of the Stipulation and Order, "the Defendants owed fiduciary duties to safeguard proceeds from the sale of the community residence," and breached those duties by entrusting the proceeds to Loaiza.

B. *Anti-SLAPP Motion*

Appellants filed a special motion to strike the complaint pursuant to Code of Civil Procedure section 425.16 (the anti-SLAPP motion).[1] Appellants asserted Garcia's claims arose from Daily's petitioning activity and thus were within the scope of section 425.16, subdivision (e). Appellants acknowledged that section 425.16 does not apply to legal malpractice claims, but argued Garcia's claims are not legal malpractice claims because Garcia was never Daily's client and Daily was not a party to the written Stipulation and Order. Appellants further asserted that Daily signed the agreement as attorney for Loaiza, and her signature did not indicate an intent to be bound to the agreement. Finally, appellants argued Garcia would not be able to show a probability of success on the merits because, among other reasons, the claims were barred by the litigation privilege.

Garcia opposed the anti-SLAPP motion on the grounds that her claims did not arise from protected conduct. Rather, the claims were based on defendants agreement

---

[1] All further statutory citations are to the Code of Civil Procedure.

3

to undertake the duty to act as an escrow agent with regard to the proceeds from the sale of the community residence and the breach of that duty, which are not protected conduct under section 425.16.

In reply, appellants argued Daily was never subject to any fiduciary duties of an escrow holder because she never received any of the sale proceeds.

The trial court denied the anti-SLAPP motion, finding the showing did not satisfy the first prong of the statute. It determined that Garcia's claims did not fall within the ambit of section 425.16 because "the injurious conduct at issue in the Complaint is not entering into the stipulation, but failing to safeguard the proceeds from the sale of the community residence." "The alleged failure to safeguard the settlement funds is neither communicative nor connected with an issue of public interest."

II

DISCUSSION

The Legislature enacted the anti-SLAPP statute in 1992 in response to "a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (§ 425.16, subd. (a).) Such lawsuits "are commonly known as SLAPP suits (strategic lawsuits against public participation)—litigation of a harassing nature, brought to challenge the exercise of protected free speech [or petition] rights." (*Fahlen v. Sutter Central Valley Hospitals* (2014) 58 Cal.4th 655, 665, fn. 3.)

The anti-SLAPP statute authorizes a special motion to strike meritless claims early in the litigation if the claims "aris[e] from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." (§ 425.16, subd. (b)(1).) Resolution of an anti-SLAPP motion involves two steps. First, the defendant must establish that the challenged claim arises from activity protected by section 425.16. (*Taus v. Loftus* (2007) 40 Cal.4th 683, 712.) If the defendant makes the

4

required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success. (*Id.* at p. 713.) "[A] claim is not subject to a motion to strike simply because it contests an action or decision that was arrived at following speech or petitioning activity, or that was thereafter communicated by means of speech or petitioning activity. Rather, a claim may be struck only if the speech or petitioning activity *itself* is the wrong complained of, and not just evidence of liability or a step leading to some different act for which liability is asserted." (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1060.)

We review de novo the grant or denial of an anti-SLAPP motion. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3 (*Soukup*).) "We review the record independently to determine whether the asserted cause of action arises from activity protected under the statute." (*Schwarzburd v. Kensington Police Protection & Community Services Dist. Bd.* (2014) 225 Cal.App.4th 1345, 1350.) We do not, however, weigh the evidence, but accept plaintiff's submissions as true and consider only whether any contrary evidence from the defendant establishes its entitlement to prevail as a matter of law. (*Soukup, supra,* at p. 269, fn. 3.) "[C]laims with the requisite minimal merit may proceed." (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 94.)

Appellants contend Garcia's claims arose from protected activity because the only conduct at issue is Daily's signing of the Stipulation and Order as "counsel for [Loaiza]," and her signature on the agreement was protected petitioning activity. (See, e.g., *Seltzer v. Barnes* (2010) 182 Cal.App.4th 953, 963 ["[S]ettlement negotiations are an exercise of the right to petition and statements made as part of such negotiations are in connection with the underlying lawsuit for purposes of section 425.16, subdivision (e)(2)."].) However, Garcia's claims are not based solely on Daily's signature. The complaint alleged that as a signatory, Daily agreed to be bound to the terms of the Stipulation, including ensuring that the sale proceeds would be deposited into Daily's trust account and held until further written agreement by the parties or order of the Court.

5

The complaint further alleged that Daily breached her duties under the Stipulation. As framed by the complaint, the conduct at issue therefore is appellants' breach of a duty, not the entry into the stipulation. (See *Old Republic Construction Program Group v. The Boccardo Law Firm, Inc.* (2014) 230 Cal.App.4th 859, 869 ("[T]here was nothing wrongful about the stipulation itself; entry into it is not the injurious conduct alleged. Rather, . . . Old Republic's injury arose from defendants' withdrawal of the funds that were the subject matter of the stipulation"]; see also *Chodos v. Cole* (2012) 210 Cal.App.4th 692, 706 ["Malpractice involves a breach of duty by neglecting to do an act or doing an act, not the right of petition."].)

Relying on *Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781 *(Monster Energy)*, appellants argue Daily's signature on the Stipulation did not create any duty on her part. Their reliance is misplaced. First, the case did not discuss the first step of an anti-SLAPP motion analysis. (See *id.* at p. 788.) At the first step, "'[w]e do not consider the veracity of [the plaintiff's] allegations' [citation] nor do we consider '[m]erits based arguments.'" (See *Sprengel v. Zbylut* (2015) 241 Cal.App.4th 140, 156.) Whether Daily intended to be bound by the Stipulation or received any sale proceeds goes to the merits of Garcia's claims, not to whether the claims fall within the ambit of section 425.16.

Second, *Monster Energy* does not support appellants 'argument that as a matter of law Daily's signature on the Stipulation and Order did not create a duty owed to Garcia. There, after the parties to a tort action agreed to settle their lawsuit, "[a]ll parties signed the agreement and their lawyers signed under a notation that they approved the written agreement as to form and content." (*Monster Energy, supra*, 7 Cal.5th at p. 785.) In contrast, Daily did not sign the Stipulation and Order with a notation that she approved only its form and content. Even had she done so, "the notation does not *preclude* a factual finding that counsel both recommended their clients sign the document *and* intended to be bound by its provision." (*Id.* at pp. 785-786.) Rather, "counsel could consent to be bound by the agreement's provisions, and, ordinarily, '[i]n the absence of

6

fraud, mistake, or another vitiating factor, a signature on a written contract is an objective manifestation of assent to the terms set forth there.'" (*Id.* at p. 789, quoting *Rodriguez v. Oto* (2013) 212 Cal.App.4th 1020, 1027.)  Appellants failed to meet their burden to show the claims arose from conduct protected under section 425.16.

## III

### DISPOSITION

The order is affirmed.  Respondent is entitled to her costs on appeal.


ZELON, J.*

WE CONCUR:


BEDSWORTH, ACTING P. J.


SANCHEZ, J.

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.